Integrity Trust Company, trustee, respondent,

*v.*

Robert Ballinger et al., appellants.

[Submitted May term, 1933. Decided September 27th, 1933.]

*Messrs. Thompson & Hanstein* and *Mr. Elwood F. Kirkman,* for the respondent.

*Mr. Joseph Beck Tyler,* for the appellants.

Per Curiam.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Ingersoll, and reported in *111 N. J. Eq. 295.*

Case, J. (Dissenting.)

The decree below subordinates the appellants' lien claim to $106,600 of the bonds secured by the trust mortgage. My conclusion is that the decree should be so modified as to subordinate the lien claim to only $53,600 of the bonds—consisting of $3,000 not in dispute and $50,600 issued to Philip J. Hannum.

It is not clear from the opinion below whether the vice-chancellor in coming to his conclusion considered that the trust mortgage is of the ordinary class of corporate bond issues or is within the purview of section 15 of the Mechanics' Lien act. He cites *Central Trust Co.* v. *Continental Iron Works, 51 N. J. Eq. 605,* which leads the cases on the view first mentioned, and also *Young* v. *Haight, 69 N. J. Law 453,* the leading case on the subject of advance-money mortgages under the statute. The circumstances of the pending case place it

quite beyond the pale of ordinary corporate bonds issued under a trust mortgage. Outside of the issue to Hannum none of the bonds were issued in even colorable compliance with the terms of the trust mortgage. That mortgage is not printed at length in the state of the case but respondent's counsel, in their brief, state that an issue of $300,000 was authorized by that instrument and "that $150,000 of the bonds should be delivered by the trustee 'to or upon the written order of Philip G. Hannum at the times and in the amounts specified in a certain contract between the club and the said Philip G. Hannum, dated May 1st, 1929—providing for the construction and erection by the said Philip G. Hannum of a new two-story building upon the mortgaged property.' The remaining $150,000 of bonds was to be used to raise money with which to pay Hannum." The bonds to which I refer were not issued to Hannum, nor were they issued to raise money with which to pay Hannum. They were issued under an agreement made between Club Atlantic, Incorporated, after that corporation was insolvent and various creditors (not including appellants) and went to, or for the benefit of, creditors all of whom knew the financial status of the corporation. The *Central Trust Company Case* and other cases following in its train are not, I think, applicable.

On the other hand, if the view be that the trust mortgage, as against appellants' mechanics' lien claim, has the position of an advance-money mortgage executed, delivered and recorded before the improvement had been begun, then the mortgagee is to be given priority only to the extent that the proceeds of the mortgage went into the improvement. *Building Supply Co.* v. *Greenberg, 107 N. J. Law 361.* $3,000 of the bonds are not disputed. An additional $50,000 (approximately) were issued to Philip J. Hannum, contractor, for work and materials. Preference to those items is reasonably within the theory of the decisions, but I am unable to find satisfying evidence that the remainder of the bond issue was in any way applied to the improvement. The vice-chancellor allowed the issue of $27,700 to the Pennsylvania company to stand upon the theory set forth in paragraph 10 of the

complaint, namely, that the Club Atlantic had induced the Pennsylvania company to surrender prior mortgage encumbrances in that amount and to accept the bonds in lieu thereof so that the trust mortgage might be a first encumbrance. But that assertion was denied in appellants' answer. The testimony of Mr. Lichtenberger, attorney for and representative of the Pennsylvania company, is that the consideration of the bond issue to the Pennsylvania company was that it should be "as collateral with a note or a debt of that amount which was for a loan, conditional loan;" and the creditors' agreement signed by the Pennsylvania company recites that those bonds were "collateral for the payment of its claim against the club." That testimony does not, I think, establish the proposition upon which the vice-chancellor decided the point and does not countervail the concededly valid mechanics' lien claim of the appellants. To like effect with respect to the remainder of the bond issue.

From which I conclude as stated above. In reaching this result I have considered that the appellants, by their letter of May 22d, 1930 (*Exhibit D-1*), are estopped from asserting any technical irregularity in the manner of the execution of the Hannum bonds.

Mr. Justice Perskie authorizes me to say that he joins in the views above expressed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 12.

*For modification.*—CASE, PERSKIE, JJ. 2.